# In the United States Court of Federal Claims

| | |
|---|---|
| DWAYNE A. BAKER, JR.,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 25-cv-2082<br>Filed: November 24, 2026 |

## ORDER

Plaintiff Dwayne A. Baker (Plaintiff), proceeding pro se, claims that the Army wrongfully terminated his active-duty pay status based on allegedly faulty records and defective procedure. After a robust meet and confer process with Defendant, Plaintiff identified additional documents that he seeks to add to the Administrative Record (AR) in this action. For the reasons stated below, the Court **DENIES** Plaintiff's Motion to Complete or Supplement the Administrative Record (ECF No. 46).

## PROCEDURAL HISTORY

On December 8, 2025, Plaintiff filed his Complaint against Defendant the United States (Defendant) alleging that the Army illegally terminated his active-duty pay status. ECF No. 1 ¶ 43. On consent, Plaintiff was referred to the Court's pro bono program, and pro bono counsel was appointed on February 10, 2026. ECF No. 16, at 1; ECF No. 18, at 1. On March 13, 2026, Plaintiff informed the Court that he intended to proceed pro se. ECF No. 23, at 1. On March 26, 2026, Plaintiff filed a First Amended Complaint. ECF No. 26. During a joint status conference held on March 31, 2026, Plaintiff consented to stay the case to allow him to pursue other pro bono counsel. ECF No. 27, at 1. On May 8, 2026, Plaintiff informed the Court that he was no longer

seeking pro bono counsel. ECF No. 28, at 1. The Court lifted the stay on May 11, 2026. ECF No. 29, at 1.

On June 8, 2026, Plaintiff filed a Motion to Complete the Administrative Record. ECF No. 31 (Motion). Defendant opposed Plaintiff's motion, arguing that the AR properly reflected the materials that were before the Army when it terminated Plaintiff's active-duty status. ECF No. 33, at 6 (Resp. to Mot.). Defendant also noted that an appeal of Plaintiff's termination to the Army Board for the Correction of Military Records (ABCMR) would afford Plaintiff a mechanism to supplement the record with any documents Plaintiff believed to be relevant. *Id.* at 6–7. Defendant also indicated that, although it believed the AR was complete, it was willing to consider additional documents Plaintiff provided that he believed were relevant. *Id.* at 8. Indeed, Plaintiff had identified several documents before Defendant filed its Response, though he did not provide copies to Defendant. *Id.*; ECF No. 33-1, at 18–22. Defendant was able to locate one of these documents, a developmental counseling form, and it consented to adding it to the AR. Resp. to Mot. at 8; ECF No. 33-2. On August 28, 2026, before the Court ruled on Plaintiff's Motion, Defendant filed the AR. ECF No. 35. The Court denied Plaintiff's Motion on September 3, 2026. ECF No. 36, at 13 (Order Denying).

On September 11, 2026, the parties filed a Joint Status Report in which they agreed to add the developmental counseling form (ECF No. 33-2) to the AR, which Defendant had inadvertently omitted. ECF No. 37 (JSR) at 3, 11. Plaintiff also indicated that he intended to move for reconsideration of the denial of his Motion or, in the alternative, for a limited remand to the ABCMR for first-instance record completion. *Id.* at 5–6. Defendant stated that it continued to believe that the AR was complete and that, while it took no position on remand to the ABCMR, it believed that it would not be helpful. *Id.* at 12. Defendant also indicated, however, that "in the

spirit of cooperation" it would continue to review and consider any documents Plaintiff provided that he thought were relevant. *Id.* at 11–12. At a Status Conference held on September 25, 2026, Plaintiff stated he no longer desired remand to the ABCMR. Recording of Status Conference of Sep. 25, 2026, at 12:46, No. 26-cv-2082 (Fed. Cl. Sep. 25, 2026). Also at the Status Conference, Defendant reiterated that, although it believed the AR was complete, it would consider any documents Plaintiff provided "by way of compromise." *Id.* at 7:32. The Court thus ordered Defendant, after conferring with Plaintiff, to file an unopposed motion to complete the AR by October 5, 2026, including any documents that the parties jointly agreed to add. ECF No. 39, at 1. The Court also ordered Plaintiff, after conferring with Defendant, to file a Status Report by October 13, 2026, identifying any additional documents he sought to include in the AR and the reason for inclusion. *Id.*

Over September 25, 28, 29, and 30, 2026, Plaintiff provided Defendant additional documents for review. ECF No. 40, at 1. Plaintiff notified Defendant that he had additional documents he wanted to be considered during a meet and confer between the parties on October 5, 2026. *Id.* Plaintiff agreed to provide the documents to Defendant by October 7, 2026. *Id.* Defendant filed an Unopposed Motion for Enlargement of Time to give it an opportunity to review these additional documents, which the Court granted. *Id.*; ECF No. 41. On October 8, 2026, Plaintiff provided an additional 1,295 pages of documents to Defendant to review. ECF No. 48, at 1 (Resp.) During a meet and confer the parties held on October 14, 2026, Plaintiff indicated that there were no other documents he wanted Defendant to review; however, he provided an additional "Email Addendum" that afternoon. *Id.* at 1–2. Defendant reviewed the documents provided on October 8 but not the additional Email Addendum sent on October 14. *Id.* at 2. On October 19, 2026, Defendant filed a Notice of Filing Authenticated Administrative Record in

which it moved to add six additional documents to the AR. ECF No. 42, at 1, 6–53. The Court granted Defendant's Motion on October 21, 2026. ECF No. 43. On November 6, 2026, Plaintiff filed a Status Report in which he identified 31 additional documents he now moves to add to the AR. ECF No. 46, at 16–17 (Status Report).

## LEGAL STANDARD

There are two ways for a plaintiff to add documents to and administrative record. A motion to complete the administrative record is appropriate when a plaintiff seeks to add documents absent from the record that were considered by the agency or generated in its decisionmaking process. *Insight Pub. Sector, Inc. v. United States*, 157 Fed. Cl. 398, 406 (Fed. Cl. 2021). A plaintiff must prove that the agency considered or generated such documents by "clear evidence." *CAN Softtech, Inc. v. United States*, 175 Fed. Cl. 74, 77 (Fed. Cl. 2025); *Thales USA, Inc. v. United States*, 176 Fed. Cl. 258, 277–78 (Fed. Cl. 2025). The administrative record filed by the agency is considered "presumptively complete," and "is entitled to a presumption of regularity." *Thales*, 176 Fed. Cl. at 277–78; *CAN Softtech, Inc. v. United States*, 174 Fed. Cl. 412, 415 (Fed. Cl. 2024).

A motion to supplement the AR, in contrast, is appropriate when a plaintiff seeks to add documents that the agency did not consider or generate but that the Court should consider. *Thales*, 176 Fed. Cl. at 278; *CAN Softtech*, 175 Fed. Cl. at 77. "[S]upplementation of the record should be limited to cases in which the omission of extra-record evidence precludes effective judicial review." *AgustaWestland N. Am., Inc. v. United States*, 880 F.3d 1326, 1331 (Fed. Cir. 2018) (quoting *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1380 (Fed. Cir. 2009); *accord Thales*, 176 Fed. Cl. at 278 ("[Supplementation of the AR] is an extreme measure . . . ."); Order Denying at 6. The party seeking to supplement the AR "bears the burden of showing why the current record is insufficient for effective judicial review." *LS3, Inc. v. United States*, 163 Fed.

Cl. 1, 7 (Fed. Cl. 2022). The Court may also allow supplementation in situations where there is "bad faith or improper behavior by agency officials." *Thales*, 176 Fed. Cl. at 278; Order Denying, at 7. Supplementation on the basis of bad faith or improper behavior, however, requires a "strong showing" based on "hard facts." *Rotair Aerospace Corp. v. United States*, 167 Fed. Cl. 56, 61 (Fed. Cl. 2023) (quoting *L-3 Commc'ns Integrated Sys. L.P. v. United States*, 91 Fed. Cl. 347, 355 (Fed. Cl. 2010)). In any case, the Court should be hesitant to supplement the AR so that it does not "convert the 'arbitrary and capricious' standard into effectively de novo review." *AgustaWestland*, 880 F.3d at 1331 (quoting *Axiom*, 564 F.3d at 1380).

**DISCUSSION**

Plaintiff fails to meet the requirements to either complete or supplement the AR. Plaintiff fails to demonstrate that the requested documents were either reviewed or generated by the agency, the Army in this case, during its decisionmaking process as required to complete the AR. *See Thales*, 176 Fed. Cl. at 277–78. Plaintiff identifies 13 documents, labeled A01–A13 in his Status Report, that he alleges the Army considered in its decision to terminate his active-duty status. Status Report at 8. Plaintiff contends that these documents are identified by other documents already in the AR or that these documents describe events that underlie some documents already in the AR. *Id.* This, however, is not "clear evidence" that the requested documents themselves were considered by the Army in making the decision at issue in the litigation. *CAN Softtech*, 175 Fed. Cl. at 76. Indeed, Defendant continues to assert, as it has since Plaintiff lodged his first Motion to Complete, that the AR already includes all the documents considered by the Army in making its decision. Resp. at 1. Furthermore, several of the documents Plaintiff now moves to add were referenced in documents that Defendant included in the AR because of its willingness to cooperate with Plaintiff, not because the Army considered them during its decisionmaking. *See*

Resp. to Mot. at 15–16. For example, Plaintiff claims that nine of the documents he now identifies, A01–A08 and A12, are referenced in the developmental counseling form that Defendant found and added "in the spirit of cooperation." Status Report at 17–20. These documents are thus twice removed from the materials that the Army considered in making its decision. Plaintiff claims that the other four documents in this group, A09–A11 and A13, provide details underlying other documents in the AR, but he does not directly connect them to the Army's decisionmaking process, and there is nothing else in the record tying such documents to the decision at issue in this action. *Id.* at 19–21.

Notably, Plaintiff makes no argument that the Army considered any of these documents themselves. *Id.* Even accepting for the sake of argument that these documents are referenced by, or give more background details of materials the Army considered, this Court cannot draw an inference that the Army therefore also considered these documents. The AR enjoys a presumption of completeness and regularity. *Thales*, 176 Fed. Cl. at 277–78; *CAN Softtech*, 174 Fed. Cl. at 415. Similar to his previous Motion, Plaintiff does not here identify any real gaps in the AR. Order Denying at 8. Instead, Plaintiff asserts that documents in the AR "quote[]" or "identif[y]" the documents Plaintiff now moves to add, or that the documents Plaintiff now requests "identify information" relevant to his case, are needed for comparison with the AR, or supply additional information. Status Report at 17–21. Just as with his previous Motion, these assertions do not identify gaps in the AR, they seek to add background information. Order Denying at 9. Adding these documents would run counter to the purpose of proceeding on an AR, namely, "streamlining review, avoiding duplicative litigation, and ensuring that courts focus on whether the agency applied the law correctly, thereby providing efficient and fair oversight of claims." *Young v. United States*, 179 Fed. Cl. 481, 488 (Fed. Cl. 2025). Plaintiff has failed to meet his burden of

presenting "clear evidence" rebutting the presumptions of completeness and regularity that the AR enjoys. *CAN Softtech*, 175 Fed. Cl. at 76; *Thales*, 176 Fed. Cl. at 277–78. Plaintiff thus fails to make the required showing to complete the AR.

Plaintiff also fails to show that the documents here are required for effective judicial review as required to supplement the AR. *See AgustaWestland*, 880 F.3d at 1331. Plaintiff argues that all the documents he now moves to include should be added to supplement the AR. Status Report at 8. Specifically, Plaintiff asserts that the requested documents "would permit examination of which restrictions operated, how the Army addressed [Plaintiff's] responses, and what effect those determinations had on continued AGR service." *Id.* at 10. Plaintiff's description of the purposes for adding each individual document reflect this reasoning: He requests these documents, for example, to "challenge[] apparent inconsistency" in the Army's actions, "compare assigned duties and actual instructions with . . . criticism," "test . . . findings," and "test the actual status of information available during the challenge period." *Id.* at 17–30. Essentially, Plaintiff requests this information to argue that on the merits the Army should not have terminated his active-duty status.

Plaintiff invites this Court to perform de novo review of the Army's decision, but this is exactly what the Court must not do. "The purpose of limiting judicial review to the record actually before the agency is to guard against courts using evidence to 'convert the "arbitrary and capricious" standard into effectively de novo review.'" *AgustaWestland*, 880 F.3d at 1331 (quoting *Axiom*, 564 F.3d at 1380). As Defendant aptly noted, review by the ABCMR would allow Plaintiff to supplement the record with documents he believed were relevant, but review by this court is narrower. Resp. to Mot. at 6–7. This Court determines whether the Army's decision was arbitrary and capricious or contrary to law, and absent extreme circumstances, it does so based on

the record the Army had before it. *AgustaWestland*, 880 F.3d at 1331; *Young*, 179 Fed. Cl. at 488; *Thales*, 176 Fed. Cl. at 278. The bare assertion that additional information may not entirely support the Army's ultimate decision does not prove that omitting these documents would "preclude[] effective judicial review." *AgustaWestland*, 880 F.3d at 1331 (quoting *Axiom*, 564 F.3d at 1380). Lastly, Plaintiff does not argue that the documents requested here are needed to supplement the AR because of the Army decisionmaker's bad faith or improper behavior. Even if he did, he has failed to present "hard facts" to make the required "strong showing" of bad faith or improper behavior. *Rotair*, 167 Fed. Cl. at 61 (quoting *L-3 Commc'ns*, 91 Fed. Cl. at 355).

Accordingly, Plaintiff's Motion to Complete or Supplement the Administrative Record (ECF No. 46) is **DENIED**.

IT IS SO ORDERED.

*Eleni M. Roumel*
ELENI M. ROUMEL
Judge